UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

FILED

FEB 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

EARL L. JEFFERSON,

Plaintiff,

v.

Case No. ___1:26 CV 434

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,

In Trust for registered Holders of Long Beach Mortgage Loan Trust 2005-1,

Asset-Backed Certificates, Series 2005-1

SELECT PORTFOLIO SERVICING, INC.,

Defendants.

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Void Judgment and Due Process Violations

1

## I. JURISDICTION AND VENUE

This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and seeks redress for the deprivation of property without due process of law under color of state law.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in Richland County, Ohio, and the acts and omissions giving rise to this action occurred within this District.

This action does not seek appellate review of a state-court judgment.

Rather, it challenges a judgment entered without personal jurisdiction, which is void ab initio and therefore produces an ongoing constitutional deprivation each time it is enforced or relied upon.

## II. PARTIES

Plaintiff EARL L. JEFFERSON is a resident of Richland County, Ohio and the court-appointed Executor of the Estate of MARILYN PINKSTON, whose probate estate was opened on October 14, 2022, in the Richland County Probate Court. Plaintiff is the sole heir under the decedent's will. Plaintiff's mailing address (used for mailing purposes only) is 446 Wayne St., Mansfield, Ohio 44902.

2

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, is a national banking association that initiated and prosecuted the foreclosure action that resulted in the judgment challenged herein.

Defendant SELECT PORTFOLIO SERVICING, INC. acted as mortgage servicer and agent in connection with the foreclosure action and the enforcement of the judgment.

III. FACTUAL ALLEGATIONS

MARILYN PINKSTON died prior to the initiation of the foreclosure action described below.

On October 14, 2022, a probate estate for MARILYN PINKSTON was formally opened in the Richland County Probate Court.

Plaintiff EARL L. JEFFERSON was duly appointed Executor of the Estate pursuant to the decedent's will and has continuously served in that capacity.

Despite the existence of an open probate estate and a known, court-appointed fiduciary, Defendants initiated a foreclosure action in the Richland County Court of Common Pleas, Case No. 2024 CV 0031N.

In that foreclosure action, Defendants attempted service upon MARILYN PINKSTON after her death.

Defendants failed to name, substitute, or serve the Estate of MARILYN PINKSTON, and failed to serve Plaintiff in his capacity as Executor, despite the estate having been open for more than two years prior to judgment.

3

No lawful personal jurisdiction was ever acquired over a living party with authority to represent the property interests at issue.

On March 31, 2025, the trial court entered a Judgment and Decree of Foreclosure in Richland County Court of Common Pleas Case No. 2024 CV 0031N.

The foreclosure judgment was entered without jurisdiction and without due process of law, because no proper defendant was before the court.

A judgment entered without jurisdiction is void ab initio and is a legal nullity.

Defendants have relied upon, and continue to rely upon, the void judgment to cloud title and threaten enforcement against Plaintiff's home.

By invoking and enforcing a court judgment entered without jurisdiction, Defendants jointly participated with state officials in the exercise of state power to deprive Plaintiff of property, thereby acting under color of state law within the meaning of 42 U.S.C. § 1983.

IV. CLAIMS FOR RELIEF

COUNT I — VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)

Defendants, acting under color of state law through invocation and enforcement of judicial foreclosure procedures, deprived Plaintiff of property interests without due process of law.

4

The foreclosure judgment was entered in the absence of jurisdiction because service was attempted on a deceased person and the known probate estate and Executor were not properly made parties.

The continued existence and threatened enforcement of a void judgment constitutes an ongoing violation of the Fourteenth Amendment.

COUNT II — DECLARATORY JUDGMENT (28 U.S.C. § 2201)

An actual and present controversy exists regarding the validity of the foreclosure judgment entered on March 31, 2025, in Richland County Court of Common Pleas Case No. 2024 CV 0031N.

Plaintiff seeks a declaration that the foreclosure judgment is void ab initio for lack of jurisdiction and violation of due process.

V. INJUNCTIVE RELIEF

Plaintiff seeks preliminary and permanent injunctive relief prohibiting Defendants from enforcing, relying upon, or initiating any further foreclosure action based upon the void judgment.

Plaintiff has no adequate remedy at law and faces immediate and irreparable harm absent injunctive relief.

Plaintiff faces irreparable harm through loss of real property and clouded title.

Plaintiff is likely to succeed on the merits because a judgment entered without jurisdiction is void.

The balance of harms favors Plaintiff because Defendants have no legitimate interest in enforcing a void judgment.

The public interest is served by preventing enforcement of judgments entered without jurisdiction.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

Declare the foreclosure judgment entered on March 31, 2025, in Case No. 2024 CV 0031N void ab initio;

Enjoin Defendants from enforcing or relying upon the void judgment;

Award costs as permitted by law; and

Grant such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

6

Earl L. Jefferson

446 Wayne St

Mansfield, Ohio 44902 (mailing address only)

614-835-7310

pureleaf7777@gmail.com

Plaintiff, Pro Se

## CERTIFICATE OF FILING

I certify that this document is being filed with the Clerk of Court and that service will be

completed in accordance with Federal Rule of Civil Procedure 4 after issuance of summons.

EARL L. JEFFERSON

Plaintiff, Pro Se