**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL L. JEFFERSON,** | ) | **CASE NO. 1:26 CV 0434** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF** |
| **DEUTSCHE BANK NATIONAL** | ) | **OPINION AND ORDER** |
| **TRUST COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Earl L. Jefferson indicates that he is filing this action as the Executor of the Estate of Marilyn Pinkston against Deutsche Bank National Trust Company and Select Portfolio Servicing, Inc.  Ms. Pinkston executed a promissory note secured by a mortgage on her house.  Jefferson claims that Defendants initiated foreclosure proceedings against Ms. Pinkston's house after her death and after the Estate was opened without providing proper notice to the Estate.  He claims this was a denial of due process.  He asks this Court to declare that the foreclosure judgment entered March 31, 2025, to be void for lack of jurisdiction and a denial of due process.  He also moves this Court to enjoin the Defendants from enforcing the judgment.

Jefferson also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2), using his own financial information.  There are several reasons why this Application cannot be granted, and this case cannot proceed.  First, Jefferson submitted an AO 240 (short form) Application to Proceed without Prepaying Costs or Fees (Doc. No. 2).  Pleadings generated by AI programs such as Chat GPT erroneously provide litigants with the AO 240 form.  This form, however, is an outdated form

that the Court does not accept because it does not provide a complete and accurate picture of the litigant's financial situation. It has been replaced by the AO 239 (long form).

Generally, the Court would order Jefferson to complete and file form AO 239, however, it would be futile in this case. Even if Jefferson submits the Application on the proper form, the Court could not grant it. Only natural persons qualify for *in forma pauperis* treatment under 28 U.S.C. §1915. An Estate cannot be granted leave to proceed *in forma pauperis*. *Rowland v. California Men's Colony*, 506 U.S. 194, 198 (1993); s*ee Menaldi for Est. of Menaldi v. Norfolk S. R.R. Co.,* No. 4:25 CV 595, 2025 WL 987737, at *1 (N.D. Ohio Apr. 2, 2025) ("[b]ecause an estate is not a natural person, it may not proceed *in forma pauperis.*"). Although Jefferson himself is a natural person, he states that he is proceeding as the Executor of his mother's Estate. An Executor cannot proceed *in forma pauperis* because he is acting on behalf of the Estate. The Estate is the real party in interest. The Application to Proceed *In Forma Pauperis* must therefore be DENIED.

Furthermore, it is not clear that Jefferson is the current Executor of the Estate. He states that he "was the duly appointed Executor and remains the acting fiduciary." (Doc. No. 1 at PageID #: 2). He does not explain this statement and has not produced or attached documentation from a probate court demonstrating his current appointment as Executor.

Assuming that Jefferson is currently the Executor of the Estate, he cannot appear on behalf of the Estate of Marilyn Pinkston as a *pro se* litigant. An Estate may appear in Federal Courts only through licensed counsel. Federal law allows parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This language imposes a barrier on *pro se* litigants wishing to appear on behalf of an Estate, when the Estate has beneficiaries or creditors other than the litigant. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). While Jefferson alleges that he is the Estate's only beneficiary,

the Estate clearly has creditors as the Defendants hold the mortgage on an Estate asset, which is the subject of this lawsuit.  Because there is no indication that Jefferson is a licensed attorney, he may not represent the Estate *pro se*.  He can only proceed through counsel.

Accordingly, the Application to Proceed *In Forma Pauperis* is DENIED.  Because Jefferson cannot file this action *pro se* on behalf of the Estate, this action is not properly before the Court, all pending motions are DENIED, and this action is dismissed without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 15, 2026

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE